No. 6467.—The Shell Co. (P. R.) Ltd., aplda. *v.* Skerret, apites. —C. D. San Juan. Cobro de dinero. Febrero 19, 1935.

(Por la Corte, a propuesta del Juez Asociado Sr. Hutchison.)

Por cuanto, el demandado en un pleito en cobro de dinero soli cito la anulación de un embargo efectuado de acuerdo con una orden de la corte de distrito, por los motivos siguientes:

"3. Que en cumplimiento de dicha orden, el márshal de esta corte procedió a embargar y embargó en el Banco Popular de San Juan, la suma de $120.54 que tenía allí en cuenta corriente el demandado Sr. Ricardo Skerret.

"4. Que además, la demandante, presentó una moción al márshal para que embargara las rentas de las casas No. 29 de la Calle Hipódromo, No. 27½ de la misma calle, notificando de dicho embargo a los inquilinos de las mismas.

"5. Que de ninguna de estas mociones ni órdenes, se notificó a los demandados en tiempo ni forma alguna y la primera noticia que éstos tuvieron de dichos embargos, órdenes y procedimientos, fué al devolvérsele un cheque extendido para el Banco Popular y al llamarle la atención los inquilinos de las casas antes referidas.

"6. Que en la moción de aseguramiento de sentencia presentada en esta corte, la demandante alegó que la obligación constaba en documento auténtico, pero no expresó en su moción, ni creen los demandados que la corte tuviera noticia de ello, que además de estar reconocida la obligación en documento auténtico, la misma se encuentra debidamente garantizada con hipoteca, según consta de la propia escritura No. 14 sobre constitución de hipoteca, otorgada a 10 de marzo de 1932, ante el Notario de Ponce, don Rafael Hernández Matos, presentada por la demandante. Y tal garantía asegura la efectividad de la sentencia.

"7. Que estando en tal forma garantizada la deuda, no procedía el embargo solicitado por la demandante y séguramente esta corte no lo hubiera decretado si hubiera tenido en cuenta este hecho, ya que ello equivaldría a garantizar doblemente la misma obligación, en perjuicio de los intereses y derechos de los demandados, sin que se les diera una oportunidad para ser oídos. Y ésta no es la finalidad de la ley para asegurar la efectividad de sentencias, vigente en Puerto Rico."·

Por cuanto, habiendo apelado de la orden declarando sin lugar su moción sobre nulidad de embargo, el demandado alega como únicos fundamentos de su apelación que la corte de distrito erró:

"Primer error: Al decretar un embargo, cuya única finalidad es garantizar una obligación que estaba de antemano garantizada por la hipoteca.

"Segundo error: Al declarar sin lugar la moción sobre nulidad de embargo."

POR CUANTO, de la referida escritura de hipoteca resulta que se trata de una segunda hipoteca sobre una casa valorada en $5,000 y sujeta ya a una primera hipoteca por la suma de $4,000, con sus adicionales para honorarios de abogado en caso de ejecución judicial, todo esto en el supuesto de que la existencia de una hipoteca fuese óbice para la expedición de un mandamiento de embargo;

POR CUANTO, el apelante no ha citado ley alguna que requiera la notificación al demandado del embargo del dinero en manos del banco y de las referidas rentas, ni demostró ante la corte de distrito la alegada suficiencia de la segunda hipoteca, ni aún el montante de las rentas embargadas,

POR TANTO, se confirma la orden apelada que dictó la Corte de Distrito de San Juan, en primero de agosto de 1933.